**O**

# United States District Court
# Central District of California

CULBERTSON AND ASSOCIATES, INC.,

Plaintiff,

v.

JPMORGAN CHASE BANK, NA et al.,

Defendants.

Case № 2:25-cv-11777-ODW (KLSx)

**ORDER GRANTING MOTION TO DISMISS [13]**

## I. INTRODUCTION

Plaintiff Culbertson and Associates Inc. brings this breach of contract action against Defendant JPMorgan Chase Bank, NA, claiming Chase violated the Deposit Account Agreement ("DAA") by processing fraudulent checks on Culbertson's account. (First Am. Compl. ("FAC") ¶ 15, Ex. B ("DAA") Dkt. Nos. 8, 8-2.) Chase moves to dismiss Culbertson's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), asserting that Culbertson's claim is time-barred under California Commercial Code section 4406 ("Section 4406") and the terms of the DAA. (Mot. Dismiss ("Motion" or "Mot.") 9, Dkt. No. 13.) For the reasons stated below, the Court **GRANTS** Chase's Motion.[1]

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Culbertson is a business entity that has maintained a banking relationship with Chase since 2015. (FAC ¶ 5.) On June 24, 2025, after investigation, Culbertson discovered that, beginning on March 17, 2019, and continuing through June 2025, its employee Juan Luis Cabrera fraudulently forged and negotiated ninety-nine checks totaling $631,372.75.[2] (FAC ¶ 8, Ex. A ("Fraudulent Checks List"), Dkt. No. 8-1.) As a result of this discovery, on June 25, 2025, Culbertson notified Chase of the fraud and provided a list of the forged checks. (FAC ¶ 10.) Culbertson also requested that Chase credit the ninety-nine fraudulent transactions. (*Id.*)

Chase conducted its own internal investigation of the reported fraud and reimbursed four of the forged checks. (*Id.* ¶ 11; Fraudulent Checks List 1.) Additionally, Chase cancelled or credited all the June 2025 forgeries; however, it declined to credit any other transactions ("Uncredited Forgeries"). (Fraudulent Checks List 1–5; Opp'n 8, Dkt. No. 14.)

On October 27, 2025, Culbertson filed this claim for breach of contract, alleging that Chase breached the DAA by failing to credit back the Uncredited Forgeries. (Notice Removal Ex. A ("Compl."), Dkt. No. 1-1.) Chase now moves to dismiss pursuant to Rule 12(b)(6), asserting the claim is time-barred. (Mot. 9.)

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,

[2] All factual references derive from Culbertson's Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation modified).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

Chase moves to dismiss Culbertson's sole cause of action for breach of contract, arguing it is time-barred under Section 4406 and the DAA. (Mot. 5, 9.) Culbertson contends its breach of contract cause of action survives because Chase failed to provide Culbertson with adequate notice of the forged checks. (Opp'n 6.)

Section 4406 provides that, once a bank makes an account statement available to a customer, the customer has one year to discover and report any unauthorized signatures. Cal. Com. Code § 4406(f); *Roy Supply, Inc. v. Wells Fargo Bank*, 39 Cal.

App. 4th 1051, 1058 (1995). If the customer fails to notify the bank in that time, they will be precluded from disputing the forgery.[3] Cal. Com. Code § 4406(f); *Roy Supply*, 39 Cal. App 4th at 1058. However, to obtain the preclusive effects of Section 4406, the bank must have provided sufficient information to enable the customer to reasonably discover the unauthorized transactions. Cal. Com. Code § 4406(c)–(d). A statement of account provides "sufficient information [under Section 4406] if the item is described by item number, amount, and date of payment." *Id.* § 4406(a).

Further, Section 4406(d)(2) reduces the time for challenging an unauthorized transaction made by the same wrongdoer. Specifically, where the same wrongdoer commits additional forgeries subsequent to the initial forgery, the customer has thirty days from notice to report the subsequent unauthorized transactions. Cal. Com. Code § 4406(d)(2). If a customer fails to notify the bank within thirty days, they will be precluded from disputing the "same wrongdoer" forgeries. *Id.*

Chase contends Section 4406 required Culbertson to notify Chase of unauthorized payments, first, within one year of the first transaction and, second, within thirty days of subsequent unauthorized transactions. (Mot. 5; Reply 5, Dkt. No. 15.) Chase argues that, because Culbertson did not notify Chase within these periods, Sections 4406(f) (one year) and (d)(2) (thirty days) bar Culbertson's breach of contract claim here. (Mot. 5; Reply 5–6.) Culbertson argues Section 4406 does not bar its claim because Chase did not provide account statements depicting images of the negotiated checks, which Culbertson asserts is necessary to trigger his obligation to notify Chase of the forgeries under Section 4406. (Opp'n 6.)

As a preliminary matter, for the preclusions under Section 4406 to apply, Culbertson must have received sufficient notice. Cal. Com. Code § 4406(c)–(d). For an account statement to provide sufficient notice, Section 4406 requires the statement to contain the item number, amount, and date of payment. *Id.* § 4406(a). It does not require pictures of the checks. *See id.* Thus, Culbertson's challenge to the sufficiency

[3] Section 4406 contains exceptions, none of which are relevant here.

of account statements—on the basis that they lacked check images—fails. (*See* Opp'n 9.) As such, Chase may invoke Section 4406's preclusions.

First, Culbertson did not notify Chase of the first forgery within one year of notice, as required under Section 4406(f). On March 17, 2019, Chase negotiated the first forged check. (Fraudulent Checks List 5.) Culbertson does not dispute that he received a regular monthly account statement listing that transaction. (*See generally* Opp'n.) Thus, under Section 4406(f), Culbertson had until April 2020, one year after receiving the account statement, to notify Chase of the fraud. However, Culbertson did not notify Chase until June 2025, more than five years too late. (FAC ¶ 10.) As Culbertson concedes it received all bank statements that disclosed the unauthorized transactions, (Opp'n 6), Culbertson is now precluded from challenging the initial March 17, 2019 forgery.

Second, Culbertson did not notify Chase of the subsequent forgeries by the same wrongdoer within thirty days of notice, as required under Section 4406(d)(2). Although Culbertson alleges additional Uncredited Forgeries that occurred less than one year before June 2025, it concedes the same wrongdoer committed all ninety-nine forgeries, so the thirty-day "same wrongdoer" time limit applies to the subsequent forgeries, rather than the one-year time limit. Thus, Culbertson had thirty days to notify Chase of any subsequent forgery after the first forged check. However, Culbertson did not notify Chase of the subsequent Uncredited Forgeries until June 25, 2025, well beyond the thirty-day time bar. As such, Culbertson is precluded under Section 4406(d)(2) from disputing all Uncredited Forgeries after the first forgery on March 17, 2019.

In sum, pursuant to Sections 4406(f) and (d)(2), Culbertson is precluded from challenging the Uncredited Forgeries. Section 4406(f) precludes the first forgery on March 17, 2019, and Section 4406(d)(2) precludes all subsequent Uncredited Forgeries. Accordingly, because Culbertson's breach of contract cause of action rests entirely on the Uncredited Forgeries, it is time-barred under Section 4406.

Chase also argues that Culbertson's claim is additionally time-barred under the DAA. (Mot. 9.) The DAA contains terms substantially identical to or more restrictive than Section 4406(d)(2) and (f), precluding challenges to forgeries six months after notice and to "same wrongdoer" forgeries thirty days after notice. (DAA 19.) Further, as Culbertson acknowledges, the DAA does not require that Chase provide statements with check images. (Opp'n 10 (noting that "the DAA does not explicitly say that Chase must provide [Culbertson] with images of the checks negotiated on [Culbertson's] account").) As such, Culbertson's challenge to the Uncredited Forgeries is time-barred under the DAA for the same reasons it is time-barred under Section 4406.

In conclusion, because Culbertson's challenge to the Uncredited Forgeries is time-barred under Section 4406 and the DAA, his breach of contract claim premised on that challenge is also time-barred. Accordingly, the Court **GRANTS** Chase's Motion and dismisses Culbertson's claim. No amendment consistent with the operative pleading could plausibly cure this defect, so dismissal is **WITHOUT LEAVE TO AMEND**. *Schreiber Distrib. Co.*, 806 F.2d at 1401.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Chase's Motion, (Dkt. No. 13), and **DISMISSES** Culbertson's Complaint **WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE**. The Court will issue Judgment.

**IT IS SO ORDERED.**

July 17, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**